The last case in which we will hear oral argument this morning is 2009-1045 Wedgetail v. Huddleston Deluxe. Mr. Gorelnik, I just want to confirm you've reserved 5 minutes for rebuttal? Yes, your honor. Okay, you can start whenever you're ready. Thank you. Good morning, may it please the court. My name is Mark Gorelnik and I represent appellant Huddleston Deluxe. We are here today because plaintiffs below, whom I'll refer to as Wedgetail, insisted without any colorable justification that the district court expressly and preemptively adjudicate the question of attorney's fees and costs. Let's assume you're correct, okay, that you should have had an opportunity to file a motion for attorney's fees and that the order that was entered precluded you from doing that and that that's contrary to Rule 54. Let's just assume you're right about that. The problem, it seems to me, is that we have a decision that was rendered by the Supreme Court about two weeks ago after the briefing was concluded, the Shinseki case, which says that the burden is on you to show harmful error. And I don't see a word in your brief about what benefit you would have had from being able to file a motion. You don't tell us what the basis for asking for attorney's fees was or what kind of case you would have been able to make if you had the opportunity to file the motion. You're supposed to do that under the Shinseki case and I don't see that you have. So could you address that? I would be happy to address that, Your Honor. I have to admit that I'm not aware of that case that you mentioned was decided after the briefing in this case, and certainly if the Court were inclined, we could submit supplemental briefs addressing that, but we didn't understand that to be our burden at the time we brought the appeal and at the time we did our briefing. We believe that the mere denial of our due process right to seek fees is prejudice in itself. As to the ultimate merits of our fee petition, I don't want to make this hearing about that, but I would say, as we alluded to in our papers, that we believe that the infringement contentions in this case were never justified. So is that your basis for seeking fees, that the lawsuit was frivolous? Well, because we haven't visited that motion yet, we haven't fully developed our argument there, but we do believe that it was a frivolous lawsuit. We believe that we will certainly attempt to show in our motion that it was brought in bad faith, that these are between two competitors and one just tried to put the other out of business. Now, whether we'll be able to make that case, I don't want to stand here today and say that's what's going to happen. But you haven't said a word about the basis for the attorney's fees request in your blue brief here, right? That's correct, Your Honor. We didn't understand it to be our burden to make our showing for attorney's fees in these briefs. Well, you're also seeking costs, correct? We are also seeking costs, which does not require a showing of exceptional court finding. And your additional complaint is you didn't get a chance to apply for costs under 19-20, correct? That's correct. Why wasn't a motion filed under 50-54 after the order was issued, after the judgment? You have 14 days to file that. And it was never filed. I couldn't find it in the record. There was no motion that was filed to support your position. Well, Your Honor, that's a fair question. On its face, the district court's order made an adjudication of fees and costs. We elected to bring an appeal of that order. If we had, instead of bringing the appeal, brought a motion in 14 days, waited for the matter to be fully briefed, waited for an adjudication by the district court, we could have discovered that the court was going to hold to its ruling from which we appeal. But by then, the 30-day time to bring an appeal would have lapsed. Your argument, Mr. Grunkin, as I gather from the brief, is that this issue was sort of properly teed up and that it had already been decided because, on the one hand, you had Wedgetail coming in with its request for dismissal of its case and the counterclaims, and each party bearing its own costs, and your response saying, that's fine, except we want the opportunity to establish entitlement to attorney fees and costs. And then after that, you have the judge just issuing the decision, saying each party bear its own fees and costs, right? Indeed. So you're saying your position basically is that, in the normal course, what you were discussing with Judge Garci would be the appropriate way to proceed. But here, the issue had already been decided, in effect, by the judge. That's correct, Your Honor. So why didn't you describe to the judge, in the opposition to the entry of the order, why you were entitled to fees? I mean, you could have said, we'd like to flesh this out, but you didn't tell him anything about the basis for a fee award, did you? That's correct, Your Honor. You asked time to make a motion. Exactly right. The principal difference between the two orders that were presented to the court, and by the way, initially, Waged Hill had asked for a stipulation, and we were fine with the stipulation as long as it didn't preclude our right to fees and costs. So they presented their proposed order to the court and notified the court that this was a contested motion. And essentially the next court day, we filed our partial opposition to the motion to dismiss, and we made it crystal clear to the court that the basis for our opposition is that we wanted to preserve our right to seek fees. We didn't proffer a showing for what our justification was. Well, why shouldn't you have told him something about the basis for the fee award at that point? Because, Your Honor, I don't believe, and I may stand corrected, but I don't believe that it's the burden for us to show, essentially seek leave to file a motion for fees. I think that our motion for fees and costs is an entitlement. Perhaps the award is not an entitlement, but the right to seek fees is something we have as a matter of right. We should not be put in the position of proffering evidence and seeking leave to file that motion. That's essentially what we do. You will say that you asked for a briefing schedule to argue for fees and costs. Well, we did ask for a briefing schedule. We felt that that was appropriate. Of course, the court need not have adopted our briefing schedule. The court could have been silent, and then we would have been left with the 14 days under Rule 54. But the court did a third thing. That was to sign the proposed order provided by Wedgetail, which on its face said, fees and costs, they're decided. Each side is to bear their own. And that is why we brought this appeal. And I hope I addressed the issue of why we didn't file a motion for fees, because it would not have been fully briefed until after the 30-day time had run to bring an appeal of the order. And we certainly simply couldn't take the chance of losing the opportunity to appeal. But you certainly could have outlined the basis of your request for legal fees in your opposition to Plano's motion of dismissal. You have two sentences there regarding the fees, one properly citing 54D and Section 285. Right. And that's it. That's correct. We refer to the rules and statute that provide us with a right to petition the court for fees and costs. Now, if there's a more recent opinion that says that we have a burden to essentially seek leave from the court to file the motion, we have to make a proffer, that was not the law at the time. No, no, no, no. That's not what I'm telling you. Shinseki is not dealing with the showing that you had to make to the district court. Shinseki is dealing with the situation, okay, let's assume that you were denied the right to make a motion. You should have been allowed to make the motion, assuming that you're correct about that. What Shinseki says is there's a harmless error doctrine. Every decision on appeal has to be tested by the harmless error doctrine. And in order to show that you should prevail on appeal, you have to show that you were prejudiced by the action. There are all sorts of actions that are taken in the course of a district court proceeding that may or may not be correct. But in order to get a reversal or remand, what Shinseki says, you've got to show you were prejudiced. Your problem is you seem, in your blue brief, just as you did before the district court, to have not wanted to discuss what this was all about or why you were prejudiced by not being able to file this motion, in your view. But I do believe in our reply you have explained, we've at least touched on the issues, the infringement claims that were made by Wedgetail Below. The express limitations that were in the patent in suit. And well before the claim construction briefing was done, we asked a plaintiff, please show us where the infringement is. It's simply not there on its face. And we received no response. And so our client was put through this costly, needless exercise. And we believe this is an exceptional case. We'd like the opportunity to make that motion to the district court as well as to recover our costs. If you have no other questions, I'll sit down and take the rest of my time on rebuttal. Thank you, Mr. Grinnell. You'll have your full rebuttal time. We'll hear from Wedgetail. Mr. Tindall, did I pronounce it correctly? Yes, sir, you did. Thank you. Greetings from the Eastern District of Texas. I'm Andy Tindall. I'm here on behalf of Wedgetail Limited. Our position is succinctly set out in the brief. It's basically two points. The first point is that the court's decision in the IPXL case said that a request for attorney's fees under 35 United States Code Section 285 has to comply with the procedure in Rule 54D. Our second point is that in this particular case, Huddleston Deluxe unilaterally assumed that Judge Folsom had preempted them from accessing the Rule 54D procedure. I think it's without question that in order to recover attorney's fees under Section 285, a motion for attorney's fees is required. There was absolutely no motion for attorney's fees under 285 or any other section that was filed by Huddleston. But if they were precluded by the judge's order in filing their motion at that time, could they make the election appeal directly to judgment those issues without filing Rule 54D? Not as far as the attorney's fees the issue is concerned, Your Honor. I mean, as the court knows in most of these cases, you get a final judgment and then you have the 14-day period of time where that can be extended on motion or sometimes local rules even extend them beyond 14 days. But the purpose of that is to file your motion at that time. The first judgment, the pending motion for attorney's fees, does not affect the finality of the first motion. And so whether there's an appeal or not of the original judgment, once a motion for attorney's fees is timely filed under Rule 54D, the attorney's fee and whether the entitlement to it and the amount of it takes on the life of itself and can be separately appealed. Which is why I don't really understand Huddleston's argument because the underlying judgment could become final, which is the judgment Judge Falsam entered, and they could still, if a proper motion for attorney's fees was filed, that takes on the life of itself, a separate proceeding, and it in and of itself can also be appealed. But the judge's order denied legal fees and costs. Each party should extend its own legal fees and costs. That's final order. Well, you know, I guess out of an abundance of caution you could do that and ask that the appeal be stayed pending the decision of a properly and timely file motion for attorney's fees. What about futility? The judge has already made up his mind at that point? Well, I think that's... Why do I need to file a motion? Is that mandatory? I think it is, Your Honor. I mean, that is the position that I'm offering the court in this particular case is that Rule 54 in this court's decision in IPXL requires that a Rule 54 timely motion be made in order to attempt to recover Section 285 fees. But isn't the situation a little bit different, Mr. Tindall, in that you had this... First of all, you had the lawsuit, then you had the agreement to dispose of the case, you had the back and forth. Wedgetail agrees to dismiss its case. Huddleston agrees to drop its counterclaims. But they say, We want to assert fees and costs. And they come before the district court and they say, We object to this proposed disposition in one respect. We want to assert fees and costs. And please, Your Honor, we want a briefing schedule on that issue. Okay? And the judge comes down and just dismisses the case and said, Each party bears its own fees and costs. So I think everything you're saying is correct as a matter of law, as a general proposition, but we have a little bit of an unusual backdrop here, don't we, in that can it be fairly said that they put the issue before the judge by saying, We want fees and costs. Give us a briefing schedule. And he effectively said, No, because he said, Each party bears its own fees and costs. So it's a little bit different. I agree with half of that. I agree that they put the issue before the court in a limited way. I don't believe that they properly put the issue before the court and that is via a Rule 54 motion. But why was this not a substitute? They're saying, Look, the case is going to be settled. We're comfortable with that. But we want to have fees and costs Give us a briefing schedule. Now the judge didn't come down and say, Yes, you have your briefing schedule or no, submit a 54. He just flat denied it. Well, I think this is setting a bad precedent if the court finds in Huddleston's favor because I don't think that Judge Folsom had a fair evaluation of the attorney fee issues in this case. A couple of sentences in a partial opposition to a motion. I think Mr. Gorelnik would agree. But he would say all we wanted is we were telling the judge we want the opportunity and give us a briefing schedule for that. I mean, he would agree that the judge didn't have an opportunity to decide the fees and costs issue. There was no briefing or argument on it. Right, no motion. If the opposition was a substitute for the motion, if that's the way to look at it, it seems to me then the question becomes whether they were compelled in the opposition to say why fees should have been awarded instead of simply only asking for an extension of time. And they didn't say anything in the opposition as to why fees should be awarded. That's correct. That's absolutely correct. And again, that's the office of a Rule 54-D motion is to set forward why that you're allowing the attorney's fees and at least a fair estimate of how much the fees are. And they just did not give Judge Folsom an opportunity to do that in this particular case. Well, what if the judge foreclosed that opportunity by ruling on the fees and the costs immediately? Is that really a judgment on that issue? And that's a foreclosure for the motion of Rule 54-D? Your Honor, I think you've hit the heart of the case. What Judge Folsom did, under all the facts and circumstances, is that tantamount to a denial of a motion for attorney's fees that was never filed. I just don't think it is, Your Honor. I just don't think... I think procedure ought to be followed in this case. And that is the opposition. I guess you both think the procedure ought to be followed. You have different views as to what the procedure is. I feel like I have the correct... How do we review his order? Is it an abuse of discretion? For not allowing... For foreclosing the opportunity to file a motion? Well, again, they have... I say they... Huddleston has tried to bring this as a constitutional violation and said that there's a de novo review. And this gets back to what Judge Dyke said. I designated the claim construction briefing and all this because I thought they were going to argue why they should be entitled to attorney's fees and all the things to show harm here. And all that was designated in the joint appendix was just these few little orders. And as far as... They saved you a lot of complicated briefing. Well, they did. I mean, that's... Believe me, this is the shortest brief I've ever written. But their harm... They're assuming, I guess, from their briefing, although this is not explicitly stated, that there's some sort of... There's harm in the abstract violation of a due process right. I guess that's what I'm trying to read into their brief as the harm here that we've been denied procedural due process here. They're saying we weren't given a chance to assert our claim for fees and costs. And that's their claim. I'm just saying the judge's order did not... If the judge... I'll grant you this. If the judge's order said all fees and costs are incurred by the party, are borne by the party incurring, saying no further motions for fees or costs will be entertained by the court, I wouldn't be up here arguing what I am today. You're saying they kind of missed... They had... Even when the judge's order came down, they still could have filed. Sure. There's nothing that prevented... That's the way Rule 54 is set up. 14 days after a final judgment. And that's the procedure that this court says should be observed for Rule 285. Attorneys' fees, and that's all I'm asking the court to hold in this case, is that it's what should have been done. Now, I'm not saying this... Again, we wouldn't be up here if this was crystal clear. But, again, I think procedure... What I think the procedure should be and what the rules say should be followed, and that is if a party is going to request Section 285 attorneys' fees, they have a duty under the IPXL case to file a post-judgment motion for attorneys' fees within 14 days or whatever time limit the court allows. And that just simply was not done. And the harmful error that is briefed, at least, Your Honors, is, I guess, again, harm resulting from an abstract violation of a due process right, which is why I cited the Logan v. Zimmerman-Brush case, which essentially says if the state or the government puts up reasonable procedural regulations for accessing a right, those have to be followed. And I'm saying Rule 54D was the reasonable procedural requirement that was in the Federal Rules of Procedure that was not complied with. Thank you. Thank you, sir. Mr. Garlick, you have your rebuttal. Thank you very much, Your Honor. I just would like to make a few points here. I'd like to remind the court that at the time the order was submitted by Wedgetail and also at the outset of the appeal, the position of Wedgetail was not that we had failed to file an attorneys' fees motion. The position of Wedgetail was that this was an order adjudicating fees and costs. As the court knows, the order expressly says each party shall bear their own costs and attorneys' fees. That's what the order says. And that's what the order means. And I'm pretty sure that's what Wedgetail intended the order to mean. And at the outset of this appeal in a filing, it's at page 218 in our appendix, Wedgetail again took the position that we're appealing from, quote, a failure to award attorneys' fees. Why didn't you tell the judge what the basis for an attorneys' fees request would have been? You know, judges are busy. You know, they like to know whether there's a substantial question here. Why didn't you tell them what the basis for a fee request would be? Well, to be frank, Your Honor, we thought that a request for an opportunity to file a motion was fairly uncontroversial. We think we see it as a routine matter at the termination of a case that a prevailing party is going to seek fees and costs. And we put the matter squarely before the judge. And, again, I will acknowledge we did not make a proffer of what our motion would be, but, again, we didn't think that that would be a requirement. And I'd also like to show that, make the comment that— What sounds a bit as though you wanted to conduct discovery to see whether you had a basis for making an attorneys' fees request. Well, Your Honor, the fact discovery, we're fairly early in fact discovery in this case when this happened. We could certainly make our motion without fact discovery, but with fact discovery open, we certainly would like to take at least a couple of depositions, and the 30-day briefing schedule would have allowed us that opportunity. The motion to dismiss came very soon after the— Because the district judge doesn't have to allow discovery on a fee request, right? That is very true. That is very true, and we're not taking that position at all. I'd also like to remind the Court that to the extent this was a denial of a fee award, there is no record of the district court's reason for denying it, and as we pointed out, I believe, in our opening brief, that there's certainly nothing—you can't perform a meaningful review of that order unless there are reasons stated for the denial, and, of course, there are no reasons stated for that denial. In conclusion, Your Honors, thank you very much for your time. My client, Ken Huddleston, thanks you for your kind consideration. We believe that the order was erroneous on its face, and this matter should be remanded to the district court so that the prevailing party, Huddleston Deluxe, will have an opportunity to bring its motion for fees and costs under Rule 54 in Section 285. Thank you for your time. Mr. Grunt, thank you. Mr. Tindall, again, thank you. The case is submitted, and that concludes this morning's sittings. All rise. The Honorable Court is adjourned from day to day.